UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D.T.G.,<br><br>        Petitioner,<br><br> -against-<br><br>WILLIAM P. JOYCE, *et al.*,<br><br>        Respondents. | No. 25 Civ. 2161 (JLR)<br><br>**STIPULATION AND ORDER** |

  WHEREAS, plaintiff D.T.G. ("Petitioner"), a noncitizen and Venezuelan national, brought this petition for habeas corpus challenging his detention by U.S. Immigration & Customs Enforcement ("ICE") and seeking, among other things, his release from custody;

  WHEREAS, on February 6, 2025, ICE arrested Petitioner and detained him under 8 U.S.C. § 1226(a);

  WHEREAS, on March 15, 2025, Petitioner filed this action seeking an order from this Court requiring his release on account of Temporary Protected Status;

  WHEREAS, on March 16, 2025, based on the specific facts and circumstances of this matter, Petitioner was released from ICE custody pursuant to an Order of Recognizance and an alternative to detention, namely, an ankle monitor;

  WHEREAS, on March 31, 2025, ICE modified the conditions of Petitioner's release and removed his ankle monitor and replaced it with supervision through a tracking application installed on his phone under ICE's Intensive Supervision Appearance Program; therefore

IT IS HEREBY STIPULATED AND AGREED by and between the parties, that:

1. This action shall be and hereby is dismissed without prejudice and without costs or attorney's fees to either party.

2. ICE agrees to provide 72 hours' notice to Petitioner's counsel before any lawful redetention of Petitioner; *provided that* prior notice is not required for redetention on account of new criminal conduct, to execute a final removal order, or if Petitioner was incidentally detained during some other operation that was not specifically directed at detaining Petitioner. In the event that Petitioner is arrested by ICE incidentally during an operation that is not specifically directed at detaining Petitioner, ICE will promptly notify Petitioner's counsel.

3. The government has agreed to these actions based on the specific facts and circumstances presented in this matter, and nothing in this stipulation shall be construed as an admission of liability or wrongdoing by the government, or a concession of rights or arguments by the government or by the Petitioner; nor shall it be construed to require the government to provide release to any other noncitizen in similar or dissimilar circumstances, and this agreement shall in no way be used to undermine the government's litigation position in any other case.

[*Remainder of page intentionally left blank*]

4. The Court shall retain jurisdiction over any issues that might arise relating to the enforcement of this Stipulation and Order.

Dated: April 11, 2025
      New York, New York

                                    MATTHEW PODOLSKY
                                    Acting United States Attorney for the
                                    Southern District of New York
                                    *Attorney for Respondents*

By:           s/ Anthony J. Sun
             ANTHONY J. SUN
             Assistant United States Attorney
             86 Chambers Street, Third Floor
             New York, New York 10007
             Tel.: (212) 637-2810
             E-mail: anthony.sun@usdoj.gov

Dated: April 11, 2025
      New York, New York

By:           s/ Sayoni Maitra[1]
             SAYONI MAITRA
             The Legal Aid Society
             49 Thomas Street, 5th Floor
             New York, NY 10013
             Tel.: (929) 656-1667
             E-mail: smaitra@legal-aid.org
             *Attorney for Petitioner*

SO ORDERED:

*Jennifer Rochon*
HON. JENNIFER L. ROCHON
UNITED STATES DISTRICT JUDGE

Date:   April 11, 2025
       New York, New York

---

[1] Consent for signature obtained pursuant to S.D.N.Y. ECF Rule 8.5(c).